## J. C. WEETER LUMBER CO. v. GUNDERSON.

No. 2784.	Decided September 16, 1915.	(151 Pac. 983.)

1. SALES—ACTIONS—EVIDENCE. In an action for the purchase price of lumber sold, *held* there was substantial evidence that it was agreed defendant should receive a discount. (Page 106.)

2. APPEAL AND ERROR—REVIEW—PERSONS ENTITLED TO ALLEGE ERROR. In an action for the purchase price of lumber, where defendant set up a counterclaim which exceeded the amount demanded by plaintiff, plaintiff cannot, judgment having been rendered in defendant's favor, but no recovery allowed, complain that the jury could not have believed defendant's testimony, or they would have granted additional relief; the error being prejudicial only to defendant. (Page 107.)

Appeal from District Court, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by the J. C. Weeter Lumber Company against Lars Gunderson, who counterclaimed.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*F. E. Woods* and *S. A. King,* for appellant.

*Price & Fouts,* for respondent.

FRICK, J.

The plaintiff, a corporation, sued the defendant to recover an alleged balance due it amounting to the sum of $1,386.81 for lumber sold and delivered to him. The defendant filed an answer and counterclaim. In his answer he denied that he was indebted to the plaintiff in any amount. In the counter-claim he, in substance, alleged that he had purchased lumber from the plaintiff amounting to the sum of $15,900; that he had paid on said amount the sum of $11,431.41; that the plaintiff had agreed to allow him a discount of 10 per cent. on the whole of said $15,900, which amounted to $1,590; and that, in addition to that sum, the plaintiff was indebted to the defendant in an amount, which, when added to the amount of said discount, would cause the plaintiff to be indebted to the defendant in the sum of $1,742.24, which amount, after crediting the plaintiff with the sum of $1,386.81 sued for, left a balance in favor of the defendant on his counterclaim amounting to $355.43, for which sum he demanded judgment.

Plaintiff, in its reply, denied generally the allegations contained in the counterclaim. A trial to a jury resulted in a verdict in favor of the defendant of "No cause of action." The District Court entered judgment on the verdict dismissing the complaint, and the plaintiff appeals.

The entire argument of plaintiff's counsel is directed to the contention that the defendant did not establish the facts alleged in his counterclaim, namely, that the plaintiff had agreed to allow him a discount of ten per cent., or any other amount, on the lumber purchased by the defendant from the plaintiff. From the evidence it was made to appear that plaintiff was engaged in the lumber business at Price, Utah, and that the defendant was a contractor and builder. So far there is no dispute. The defendant testified that he broached the subject of being allowed a discount

to the president of the plaintiff corporation; that the president referred him to plaintiff's general manager at Price, Utah. Upon that question the defendant testified as follows:

"Well, I spoke to Mr. Weeter (the president) first, and he said, 'Well, Jimmy is our local manager'—in those words; and he said, 'See him.' I went down and put it up to him, and he thought it was all right; that I was entitled to a discount. Q. How much did he say? A. 'Yes, sir; ten per cent.' He says, 'About how much?' I says it should be worth ten per cent. Q. What was said further about that? A. 'That would be all right.' They would allow me that." There is more evidence of the same character.

The defendant also testified that after he was promised a discount he bought all the lumber from the plaintiff, unless it did not have what he needed, and that he did so "because of the discount, and it enabled me to give cheaper contracts for contracting." With respect to the amount of lumber purchased on which he claimed a discount, he, both on direct and cross-examination, testified that the amount was $15,900. Ten per cent. of that sum would amount to $1,590. He also claimed, in addition to the discount, the sum of $136 for work he had done for the plaintiff. There is therefore some substantial evidence to the effect that the plaintiff agreed to allow the defendant ten per cent. discount on his purchases of lumber, and that he acted upon it in bidding for contracts. There is also evidence respecting the amount on which the discount should be allowed. The question, therefore, of whether the defendant should recover on his counterclaim was one of fact for the jury, and not one of law for the court.

But, say counsel, the jury did not believe the defendant's statements, or they would have allowed him at least the difference between the amount claimed by the plaintiff, to wit, $1,386.81, and the amount of the discount, which, according to defendant's evidence, amounted to $1,590, say nothing about his additional claim of $136 for labor. It is true that the jury merely allowed the defendant sufficient to balance the amount claimed by the plaintiff. That amount may have been less than he was entitled to. That, however, is not a matter of which the plaintiff can complain.

The question is not whether the verdict or judgment is wrong or erroneous as against the defendant, but what we must determine is whether it is wrong or erroneous as against the plaintiff. Surely the plaintiff is not prejudiced if the jury allowed its adversary less than he was entitled to under the evidence. All we have the power to do, under the assignment argued, is to determine whether there is some substantial evidence in support of the verdict of the jury. Having determined that there is such evidence, we have exhausted our power, and our duty ends.

The judgment is affirmed, with costs to the defendant.

STRAUP, C. J., and McCARTY, J., concur.